UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEKIA MONIQUE M.,

                Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

6:20-CV-06714 EAW

## <u>INTRODUCTION</u>

Represented by counsel, plaintiff Lekia Monique M. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 13; Dkt. 14), and Plaintiff's reply (Dkt. 15). For the reasons discussed below, Plaintiff's motion (Dkt. 13) is granted to the extent that the matter is remanded for further administrative proceedings and the Commissioner's motion (Dkt. 14) is denied.

## BACKGROUND

Plaintiff protectively filed her application for SSI on March 22, 2016. (Dkt. 11 at 35, 296).[1]  In her application, Plaintiff alleged disability beginning June 30, 2013. (*Id.* at 35, 359).  Plaintiff's application was initially denied on August 11, 2016. (*Id.* at 35, 297-302).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Michael W. Devlin on November 27, 2018. (*Id.* at 35, 66-102).  On July 11, 2019, the ALJ issued an unfavorable decision. (*Id.* at 32-50).  Plaintiff requested Appeals Council review; her request was denied on July 20, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-12).  This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

(quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically

equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id*. § 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id*. § 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.  The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since March 22, 2016, the application date.  (Dkt. 11 at 37).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "heart disease, status post stent placement; status post myocardial infarction (STEMI);

chronic systolic congestive heart failure; hypertension; diabetes; diabetic gastroparesis; asthma; adjustment disorder with depressed mood; major depressive disorder; unspecified anxiety disorder; post-traumatic stress disorder; and cannabis abuse, in recent remission." (*Id.*).  The ALJ further found that Plaintiff's history of alcohol use was not a severe impairment and that her reported vision impairment and lower back pain were not medically determinable impairments.  (*Id.* at 37-38).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 38).  The ALJ particularly considered the criteria of Listings 3.03, 4.02, 4.04, 4.05, 12.04, 12.06, and 12.15 in reaching his conclusion.  (*Id.* at 38-39).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the following additional limitations:

> [Plaintiff] can occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk up to two hours in an eight hour day; and sit about six hours in an eight hour day.  She can occasionally push and/or pull 10 pounds; occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl; and never climb ladders[,] ropes[, or] scaffolds.  She should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants.  She can understand, remember, and carry out simple instructions and tasks; occasionally interact with co-workers and supervisors; should have little to no contact with the general public; and is able to consistently maintain concentration and focus for up to two hours at a time.

(*Id.* at 39).  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  (*Id.* at 43-44).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of lens inserter, table worker, and addresser.  (*Id.* at 44-45).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.* at 45).

## II.     Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to vacate the ALJ's decision and remand this matter to the Commissioner, arguing that: (1) the Appeals Council improperly rejected retrospective medical opinions from Plaintiff's treating sources; (2) the ALJ's decision was not supported by substantial evidence, particularly in light of the medical opinions submitted to the Appeals Council; and (3) the ALJ "failed to reconcile how Plaintiff was able [to] perform full-time sedentary work despite the evidence of record that directly and irrefutably demonstrated that she would be unable to meet competitive work attendance requirements."  (Dkt. 13-1 at 1).  For the reasons that follow, the Court agrees that the Appeals Council erred in its treatment of the retrospective medical opinions and that this error requires remand.

### A.     Appeals Council Rejection of Retrospective Medical Opinions

Under the regulations applicable to Plaintiff's claim, "the Appeals Council must consider new and material evidence if it relates to the period on or before the date of the administrative law judge hearing decision and there is a reasonable probability that the additional evidence would change the outcome of the decision."  *Pulos v. Comm'r of Soc.*

*Sec.*, 346 F. Supp. 3d 352, 362 (W.D.N.Y. 2018) (quotation omitted); *see* 20 C.F.R. § 416.1470.  The Court notes initially that the parties spend much of their briefs arguing over the amount of detail the Appeals Council must provide when explaining why it did or did not consider newly submitted evidence.  (*See* Dkt. 13-1 at 16-20; Dkt. 14-1 at 10-14).  However, this dispute is ultimately irrelevant in this case because the Appeals Council gave only one reason for its rejection of the medical opinions at issue and that reason was erroneous as a matter of law.

Plaintiff submitted to the Appeals Council: an opinion dated September 18, 2019, from treating internist Dr. John Grable in which he identified limitations in Plaintiff's ability to perform work-related activities dating back to April 1, 2016; an opinion dated April 14, 2020, from treating endocrinologist Dr. Laticia Valle in which she identified limitations on  Plaintiff's ability to perform work-related activities based on conditions that had been present since about June 20, 2013; and a joint opinion from Dr. Grable and nurse practitioner Bernadette Malaret from April of 2020 in which they identified limitations in Plaintiff's ability to perform work-related activities dating back to April 1, 2016.  (Dkt. 11 at 15-18, 51-57).  The Appeals Council declined to consider these opinions, stating: "The Administrative Law Judge decided your case through July 11, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 11, 2019."  (Dkt. 11 at 7). However, the Second Circuit has made clear that it is error to "categorically refuse[] to consider" new evidence simply because it was generated outside the relevant time period. *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004); *see also Pulos*, 346 F. Supp. 3d at 362

("Medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing."). Instead, the Appeals Council must consider whether the new evidence, despite having been generated after the ALJ's decision, contains additional information relating to the relevant time period. *See Tammie S. v. Berryhill*, No. 3:18-CV-174 (CFH), 2019 WL 859263, at *7 (N.D.N.Y. Feb. 22, 2019). It did not do so here, despite the fact that the opinions at issue are retrospective on their faces. This was error. *See id*.

"Because it viewed the new evidence as not relating to the relevant time period, the Appeals Council did not review the ALJ's decision with the benefit of the new evidence," nor did it "reach the question of whether there is a reasonable probability that the new evidence would change the outcome of the ALJ's decision—a question it should have addressed for new evidence pertaining to the relevant period." *Wells v. Comm'r of Soc. Sec.*, No. 1:20-CV-10332 (KHP), 2022 WL 1302187, at *9 (S.D.N.Y. May 2, 2022). Defendant argues at length that the new opinions are not persuasive and "provided no basis to change the ALJ's decision." (Dkt. 14-1 at 10). However, the Second Circuit has explained that "[a] reviewing court 'may not accept appellate counsel's post hoc rationalizations for agency action.'" *Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) (quoting *Snell v. Apfel,* 177 F.3d 128, 134 (2d Cir. 1999) and rejecting argument that newly submitted evidence was not material based on reasons that were not "provided by the ALJ or the Appeals Council"). Further, the evidence at issue—opinions from Plaintiff's treating physicians identifying limitations in excess of those found by the ALJ—is not so clearly immaterial on its face that the Court can determine on its own review that it could have not have changed the ALJ's determination. Instead, "remand is appropriate to consider how

this information impacts Plaintiff's ability to engage in substantial gainful employment."
*Wells*, 2022 WL 1302187, at *9.

### B.   Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence.  However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these arguments.  *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 13) is granted to the extent that the matter is remanded for further administrative proceedings.  Defendant's motion for judgment on the pleadings (Dkt. 14) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  September 19, 2022
        Rochester, New York